UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

EVA L. DUFFEY,
        Appellant,

     v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DA-0752-16-0105-I-1

DATE: June 20, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John M. Vallie, Fort Worth, Texas, for the appellant.

Susan L. LaSalle, Esquire, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her demotion. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant failed to establish that the agency violated her due process rights by identifying only some of her alleged misconduct in the proposal notice, we AFFIRM the initial decision.

¶2 The appellant was demoted from her position as a Customer Services Manager for changing four subordinates' clock rings and causing them to not be paid for time that they spent working. Initial Appeal File (IAF), Tab 4 at 48-50, 54-58. In its proposal notice, the agency asserted that, between September 29, 2014, and April 17, 2015, the appellant reduced those four employees' work hours "by 103 hours in total." *Id*. at 54, 56. The proposal notice listed "some" of the specific incidents in which the appellant disallowed time, which added up to approximately 33 hours over 45 instances. *Id*. at 54-56.

¶3 The appellant argues that, although she was "theoretically charged" with 103 hours of improper clock ring deletions, the proposal notice only identified approximately 33 hours of such deletions. Petition for Review (PFR) File, Tab 1 at 5, 8.[2] Although the appellant raised this issue below, IAF, Tab 1 at 6, Tab 9

---

[2] The appellant's submissions were not paginated. Thus, for ease of reference, page number citations to the record reference the electronic record and the MSPB e-Appeal pagination system.

at 8, it is not addressed in the initial decision, IAF, Tab 23, Initial Decision (ID). We interpret the appellant's argument as one that the agency violated her due process rights. The appellant has the burden of proving her affirmative defense by preponderant evidence.[3] 5 C.F.R. § 1201.56(b)(2)(i)(C).

¶4    Due process mandates that notice of charges be sufficiently detailed to provide a meaningful reply.[4] *Ryan v. Department of Homeland Security*, 123 M.S.P.R. 202, ¶ 8 (2016). The proposal notice here identified the four employees whose clock rings the appellant allegedly had altered, the manner in which she altered them, the time period in which she altered them, the total number of hours she discounted, and 45 examples of her alterations. IAF, Tab 4 at 54-56. Moreover, approximately 3 weeks prior to the issuance of the proposal notice, the proposing official interviewed the appellant and made her aware that the agency knew of approximately 54 instances in which she had improperly altered the clock rings of one named employee, 80 instances of a second employee, 58 instances of a third employee, and 70 instances of a fourth employee. *Id.* at 61-63. Under these circumstances, we find that the agency provided the appellant with sufficiently detailed notice of the charges against her such that she could provide a meaningful reply. *See, e.g.*, *Gilmore v. U.S. Postal Service*, 103 M.S.P.R. 290, ¶¶ 6, 10-14 (2006) (finding that, when the proposal notice provided fairly specific information regarding the nature of the appellant's alleged unsatisfactory performance and the time period in which her performance

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] The Board's reasoning rests on the decision of the U.S. Supreme Court in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538-39, 546-48 (1985), which held that a tenured public employee has a constitutionally protected property interest in ongoing public employment and that an agency may not deprive such an employee of his property interest without providing him with due process of law, including the right to advance notice of the charges against him, an explanation of the agency's evidence, and an opportunity to respond.

was allegedly unsatisfactory, the notice was adequate under 5 U.S.C. § 7513, despite its failure to identify the number of occasions on which the appellant's performance was allegedly deficient),[5] *aff'd,* 262 F. App'x 276 (Fed. Cir. 2008); *O'Hearn v. General Services Administration*, 41 M.S.P.R. 280, 284-85 (1989) (finding that the appellant was not denied due process when the proposal notice only cited some examples of his alleged deficiencies under a particular performance element, the agency kept him apprised during his performance improvement period as to his alleged deficiencies, and the record did not indicate that he was confused and unable to respond to the charge), *aff'd*, 902 F.2d 44 (Fed. Cir. 1990) (Table).

¶5        Additionally, the proposal notice informed the appellant of her right to review the material relied upon to support the reasons for the proposal notice. IAF, Tab 4 at 57. There is no requirement that a proposal notice be a self-contained document, and the notice requirement can be satisfied when attachments to the proposal, together with the proposal itself, provide the employee with specific notice of the charges against her so that she can make an informed and meaningful reply. *Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 15 (2004). In its submissions to the Board on appeal below, the agency provided time and attendance reports, which appear to show each instance of the appellant's unacceptable conduct. IAF, Tab 4 at 76-338, Tab 5 at 4-49. The appellant has not indicated whether she requested the materials relied upon to support the reasons for the proposal notice, and, if she did, whether the agency then failed to identify each instance of her misconduct leading to the improper reduction of 103 work hours performed by her subordinates. Nor has she claimed that she was not responsible for any particular clock ring alterations

---

[5] The procedural protections under 5 U.S.C. § 7513 include, *inter alia*, the due process rights independently guaranteed under the U.S. Constitution. *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 15 n.6 (2014).

shown in the agency's evidence. Accordingly, we find that the appellant has failed to establish that the agency violated her due process right to predecisional notice of the charges against her.

¶6      The appellant also argues that the deciding official violated her due process rights by considering an aggravating factor that was not discussed in the proposal notice, and that the administrative judge erroneously concluded that the appellant was not similarly situated to certain other employees. PFR File, Tab 1 at 3-25. Regarding the appellant's other due process argument, the administrative judge found that the evidence indicated that the appellant was aware of, and had the opportunity to respond to, the aggravating factor in question. ID at 13. For this and other reasons, the administrative judge found that the agency had not violated the appellant's due process rights. ID at 13-14. Additionally, based on, among other things, this same aggravating factor, the administrative judge distinguished the appellant's case from that of her purported comparators. ID at 18-19. We see no reason to disturb these findings.[6]

¶7      We also have considered whether the appellant has established that the agency committed harmful error. *See Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281 (Fed. Cir. 2011). Harmful error is defined as "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. § 1201.4(r). For the reasons stated above, we find that the proposal notice adequately stated the specific reasons for the proposed

---

[6] In analyzing the appellant's disparate penalty claim, the administrative judge cited *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010). ID at 21-22. We have since overruled *Lewis* to find that, when analyzing disparate penalty claims, broad similarity between employees is insufficient to establish that they are appropriate comparators, and hold that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14. The reference to the standard set forth in *Lewis* was not prejudicial in this case because, as the administrative judge found, the appellant failed to satisfy even that less onerous standard. ID at 21-22.

action in accordance with 5 C.F.R. § 752.404(b)(1), and we find that the deciding official, in arriving at her decision, acted in accordance with subsection 752.404(g)(1) by considering only the reasons specified in the proposal notice along with the appellant's reply. Accordingly, we find that the appellant has not shown that the agency committed a procedural error. Moreover, even assuming that the proposal notice inadequately stated the specific reasons for the proposed action by failing to specify each and every instance of allegedly improperly disallowed time, we find no evidence that the deciding official was likely to have reached a different conclusion absent such error, and we would thus still find that the agency did not commit harmful error.

¶8 The appellant also submits on review her equal employment opportunity complaint and the agency's summary of its investigative interview of her. PFR File, Tab 1 at 28-34, 36-38. These documents were already a part of the record below. IAF, Tab 4 at 61-64, Tab 13 at 91-99. Accordingly, they are not new evidence and do not provide a basis for review. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); 5 C.F.R. § 1201.115.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:           /s/ for
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.